ENERI DE JESÚS ET AL., Plaintiffs and Appellees, *v.* DRUG COMPANY OF PORTO RICO, INC., Defendant and Appellant.

No. 6435.   Argued July 24, 1933.—Decided July 29, 1933.

*Leopoldo Feliú* for appellant. *Pellón & Ayuso* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Eneri de Jesús and her husband Manuel Carvajal leased to the Drug Co. of Porto Rico, Inc., an urban property for a term of four years counted from May 1, 1929, renewable for a further term of three years, provided the lessee, within ninety days prior to the expiration of said term of four years, notified the owner in writing of its intention and desire to exercise its right of renewal. The rental as fixed in said contract amounted to $300 monthly. The defendant failed to avail itself of its option to renew the contract, as claimed by the plaintiffs, who base the present action upon the termination of said contract.

After a demurrer to the complaint had been overruled by the lower court, the defendant denied in its answer that the term of four years fixed in the contract expired on May 1, 1933, and on the contrary, alleged that the contract was renewed by agreement of the parties, and that by virtue of said agreement the defendant occupies the leased premises at a monthly rental of $300 payable on the last day of each month.

The trial of this case having been held, the court rendered judgment sustaining the compaint and directing the defendant to leave at the free and unhampered disposal of the plaintiffs the urban property the object of the unlawful detainer proceeding. The defendant took an appeal from that judgment, and the plaintiffs now ask us to dismiss the appeal as frivolous and because the defendant has failed to deposit in the lower court the rentals as they become due during the pendency of this appeal.

We have carefully read the opinion of the lower court incorporated in the record, and in it various letters exchanged

between the plaintiffs and the defendant are transcribed. If all the evidence introduced consisted merely of those letters and we were in a position to render a decision with full knowledge of the allegations and the evidence adduced, perhaps we would be inclined to decide in favor of the plaintiffs the question of frivolousness raised by them. However, we do not have before us the evidence, which would enable us to determine these questions. No transcript of the record has been sent up to this court, and the defendant, in a motion verified by its attorney, states that both litigants introduced at the trial oral and documentary evidence consisting in the testimony of witnesses and letters exchanged between the litigants, that the judgment appealed from was rendered with such evidence as a basis, and that a transcript of the evidence is awaiting the approval of the lower court in order to be incorporated in the record and sent up to this court.

The appellant urges that it intends to show that the defendant was in possession of the property involved herein under a tenancy from month to month at a definite rental, and not by virtue of the original lease upon which the action is based; that the judgment is not supported by the evidence; and that the award of costs against the defendant was erroneous, as it was not proved nor appears of record that the defendant was obstinate or deserved to be mulcted in costs.

As no duly authenticated transcript of the evidence has been attached to the record, we are bound to dismiss the motion filed by the plaintiffs, regretting that we have not been placed in a position to pass upon the question of frivolousness, inasmuch as an unlawful detainer proceeding is involved which, due to its extraordinary and peremptory character, calls for immediate attention.

It is urged that the rentals pertaining to May and June, 1933, have not been deposited in the office of the clerk of the lower court. As admitted by the plaintiffs the defendant furnished an undertaking in accordance with section 12 of the Unlawful Detainer Act. Perhaps the appellees are not

entirely wrong in asserting that the defendant ought to have deposited these rentals in the office of the clerk of the court as the same became due, but the truth is that the action brought is not based on nonpayment of rent, and that the defendant has furnished an undertaking to prosecute its appeal in compliance with the cited section of the Unlawful Detainer Act.

The motion to dismiss the appeal must be denied.